IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

XIDI LIN PETITIONER

VS. CIVIL ACTION NO. 5:26-CV-392-DCB-BWR

WARDEN, *Adams County Correctional Center*
and MELLISSA B. HARPER RESPONDENTS

REPORT AND RECOMMENDATION

Petitioner Xidi Lin, a native and citizen of China, filed his pro se Petition [1] for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on April 27, 2026, challenging his detention during his removal proceedings and seeking his immediate release from Immigration and Customs Enforcement's ("ICE") detention, or alternatively, a bond hearing before an immigration judge. Also before the Court is Petitioner's Motion for Temporary Restraining Order [2], seeking the same relief.

Since the filing of his Petition, the Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal, and his removal order became administratively final. Thus, Petitioner is now detained under 8 U.S.C. §1231(a). Having considered the Petition [1], the Response [10], and relevant law, the undersigned recommends that the Petition and Motion for Temporary Restraining Order [2] be denied and the Petition [1] dismissed without prejudice because Petitioner's pre-removal-order statutory claims are now moot, and any post-removal-period detention claim is premature under 8 U.S.C. § 1231(a) and the framework set forth in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

## I. BACKGROUND

Petitioner entered the United States without being admitted or paroled in December 2024. *See* Ex. A to Resp. [10-1]. In February 2025, a Notice to Appear for removal proceedings was issued, charging Petitioner as an arriving alien who is removable pursuant to Section 212(a)(7)(A)(i)(I) and Section 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA). *Id.* Petitioner was placed in expedited removal proceedings and afforded a hearing before an immigration judge because he demonstrated a credible fear of persecution or torture. *Id.*; Ex. E to Resp. [10-5].

On August 8, 2025, an immigration judge ordered that Petitioner be removed from the United States to China. *See* Ex. C to Resp. [10-3]. Petitioner, through counsel, appealed to BIA, and on May 12, 2026, BIA affirmed the decision of the immigration judge and dismissed Petitioner's appeal. *See* Ex. D to Resp. [10-4].

Petitioner filed his Petition on or about April 27, 2026, while his appeal to BIA was still pending, alleging the following grounds: "Unlawful Mandatory Detention Under INA § 236(a)"; and "Violation of Procedural Due Process." Pet. [1] at 6. Petitioner requests the Court to order his immediate release from ICE custody, or alternatively, a bond hearing. Petitioner is currently detained at the Adams County Correctional Center in Natchez, Mississippi.

Respondents submit that Enforcement and Removal Operations (ERO) started the process of obtaining travel documents to effectuate Petitioner's removal from the United States. *See* Ex. B to Resp. [10-2] at ¶¶ 10-14. On July 9, 2026, and August 9, 2026, Petitioner refused to sign forms and documents served by ERO. *Id.* at ¶¶ 15-

16.

According to the Declaration of Wilton J. Tyler, ERO Supervisory Detention & Deportation Officer (SDDO), on August 21, 2026, the Removal and International Operations (RIO) at ERO's headquarters advised that Petitioner's nationality verification has been completed and that issuance of the travel document is pending. *Id.* at ¶ 17. SDDO Tyler further submits that ERO is actively working to facilitate Petitioner's removal to China by acquiring the necessary approvals and travel documents. *Id.* at ¶ 18.

## II. DISCUSSION

28 U.S.C. § 2241 confers federal district courts "within their respective jurisdictions" the authority to hear applications for habeas corpus by any person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241. The writ of habeas corpus is "available to every individual detained within the United States," including noncitizens. *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2).

"A district court has subject matter jurisdiction to hear an alien's Section 2241 petition challenging the lawfulness of his or her detention." *Wekesa v. United States Att'y*, No. 22-10260, 2022 WL 17175818, at *1 (5th Cir. Nov. 22, 2022); *see also Imran v. Harper*, No. 25-30370, 2026 WL 93131, *1 (5th Cir. Jan. 13, 2026) ("[D]istrict courts have subject-matter jurisdiction to review § 2241 petitions challenging the lawfulness of a noncitizen's detention . . . .").

In his Petition, Petitioner challenges his detention during his removal

proceedings, claiming his detention has become prolonged and violates the Fifth Amendment. Pet. [1] at 6. However, since the filing of his Petition, BIA dismissed his appeal, and Petitioner's removal order became administratively final on May 12, 2026. *See* 8 C.F.R. § 1241.1 ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final: (a) Upon dismissal of an appeal by the Board of Immigration Appeals . . . ."). Thus, Petitioner is now being detained under 8 U.S.C. § 1231(a).[1] *See Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) ("The Government is correct that [petitioner's] detention is now governed by § 1231 . . . [which] defines the circumstances under which an alien enters the 'removal period' . . . ."); *Vetcher v. Barr*, 809 F. App'x 254, 255-56 (5th Cir. 2020) (holding that petitioner's detention under § 1226(c) "ended when he became subject to an administratively final removal order, namely the . . . BIA decision, [and] [t]he authority for his detention then shifted to 8 U.S.C. Section 1231") (citing *Andrade*, 459 F.3d at 542–43). Accordingly, Petitioner's statutory claims challenging his pre-removal detention are now moot. *See Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011) ("The removal order became administratively final . . . when the [BIA] dismissed the appeal of the immigration judge's decision. Consequently, [petitioner] is no longer detained pursuant to § 1226, and his claims challenging his detention under that statute are moot.") (citations omitted); *Ndudzi v. Perez*, 509 F. Supp. 3d 943, 947-48 (S.D. Tex. 2020) ("Any prolonged detention claim related to

[1] At the time Petitioner filed his Petition in April 2026, he was not detained under 8 U.S.C. § 1231, as his removal proceedings were ongoing; instead, he was being detained under 8 U.S.C. § 1225(b)(1). *See* Resp. [10] at 5, n.1. Since the BIA has now dismissed Petitioner's appeal and his order of removal is administratively final, he is now detained under 8 U.S.C. § 1231.

Petitioner's prior detention under § 1225(b) became moot when the BIA's dismissal of Petitioner's appeal shifted her detention to the framework erected in § 1231.").

Pursuant to 8 U.S.C. § 1231, "the Attorney General shall remove the alien from the United States within a period of 90 days (. . . referred to as the 'removal period')[,]" during which time the alien shall be detained. 8 U.S.C. § 1231(a)(1)(A), (a)(2). "After that time elapses, however, § 1231(a)(6) provides only that certain aliens '*may* be detained' while efforts to complete removal continue." *Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018) (emphasis in original). In *Zadvydas*, the Supreme Court applied the doctrine of constitutional avoidance and construed § 1231(a)(6) to mean that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." 533 U.S. at 699. "*Zadvydas* then concluded that six months was a presumptively reasonable period of detention, beyond the removal period, in which to effectuate deportation." *Tran v. Mukasey*, 515 F.3d 478, 482 (5th Cir. 2008) (citing *Zadvydas*, 533 U.S. at 702). "After that, the Court concluded, if the alien 'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,' the Government must either rebut that showing or release the alien." *Jennings*, 583 U.S. at 299 (quoting *Zadvydas*, 533 U.S. at 701). "This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

To the extent the Petition is liberally construed to challenge Petitioner's post-

removal detention, such claim is premature under the framework set forth in *Zadvydas*. While the removal period recently expired on or about August 12, 2026, Petitioner "has not been in post-removal-order detention longer than the presumptively reasonable six-month period set forth in *Zadvydas*. Consequently, any challenge to his . . . post-removal-order detention is premature." *Agyei-Kodie*, 418 F. App'x at 318; *see also Zadvydas*, 533 U.S. at 701 ("*After this 6-month period*, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.") (emphasis added); *Andrade*, 459 F.3d at 543 ("*Zadvydas* thus created a '6-month presumption' of the validity of detention under § 1231, *after which* an alien could attack the reasonableness of his continued detention.") (emphasis added).

Under these facts, Petitioner cannot establish "good reason to believe that there is no significant likelihood" he will be removed "in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. The arguments in Petitioner's Motion for Temporary Restraining Order also concern Petitioner's pre-removal-order detention, and the Motion for Temporary Restraining Order can be denied for the same reasons as the Petition.

## III. RECOMMENDATION

The Petition and Motion for Temporary Restraining Order [2] should be denied and the Petition [1] dismissed without prejudice because Petitioner's pre-removal-order statutory claims are now moot, and any post-removal-period detention claim is

premature under 8 U.S.C. § 1231(a) and the framework set forth in *Zadvydas*.

## IV. NOTICE OF RIGHT TO OBJECT

Within fourteen days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A party may respond to another party's objections within 14 days after being served with a copy of the objections. *Id.* The district judge will determine de novo any part of the Report and Recommendation that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the Report and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.*

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. A district judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996), *superseded by statute on other grounds,* 28 U.S.C. § 636(b)(1).

SO ORDERED, this the 9th day of September, 2026.

s/ *Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE