**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**XIDI LIN** **PETITIONER**

**V.** **CIVIL ACTION No. 5:26-cv-392-DCB-BWR**

**WARDEN, Adams County Correctional Center and MELISSA B. HARPER** **RESPONDENTS**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Before the Court is the Report and Recommendation ("Report") [ECF No. 12] of the United States Magistrate Judge entered herein on September 9, 2026, in this action brought pursuant to 28 U.S.C. § 2241. In the Report, Judge Rath recommended denial of Xidi Lin ("Petitioner")'s Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF No. 1] and Petitioner's Motion for Temporary Restraining Order [ECF No. 2]. Petitioner, proceeding pro se, has failed to file objections to the Report by his deadline of September 23, 2026.

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Where there are no objections, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review to the Report and Recommendation.

The Court has reviewed Petitioner's Petition [ECF No. 1], Motion for Temporary Restraining Order [ECF No. 2], and related filings. Having considered the Report of Judge Rath, the Court adopts his findings and conclusions in full.

In his Report, Judge Rath determined, after a thorough review of the applicable law, that Petitioner's pre-removal detention claims and Motion for Temporary Restraining Order are now moot pursuant to Petitioner's removal order becoming administratively final on May 12, 2026. See [ECF No. 10-3]. Additionally, Judge Rath found any post-removal detention claims to be premature under the framework set forth in Zadvydas v. Davis, 533 U.S. 678 (2001). The Court agrees. See Vetcher v. Barr, 809 F. App'x 254, 255-56 (5th Cir. 2020) (holding petitioner's detention under § 1226(c) "ended when he became subject to an administratively final removal order...[and] [t]he authority for his detention then shifted to 8 U.S.C. § 1231") (internal citations omitted); See also Agyei-Kodie v. Holder, 418 F.App's 317, 318 (5th Cir. 2011) (holding the removal order became final when the [BIA] dismissed the appeal and "[c]onsequently, [petitioner] is no longer detained pursuant to § 1226, and his claims challenging his detention under that statute are moot.").

ACCORDINGLY,

IT IS, THEREFORE, ORDERED hat the Report and Recommendation be, and the same hereby is, adopted as the finding of this Court.

Accordingly, Petitioner's Petition [ECF No. 1] and Motion for Temporary Restraining Order [ECF No. 2] are hereby denied. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, a separate judgment will be entered.

SO ORDERED AND ADJUDGED, this the 28 day of September, 2026.

/s/ David C. Bramlette
David C. Bramlette III
United States District Judge